IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAHEEM H. CARNEY )<br>            Plaintiff, )<br>    v. )<br>                       )<br>RONALD SNYDER, et al., )<br>           Defendants. ) | C.A. No. 06-23 Erie<br>District Judge Cohill<br>Magistrate Judge Baxter |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that Defendants' motion to dismiss and strike the amended complaint [Document # 10] be granted in part and denied in part.  Specifically, the motion to dismiss should be granted in that Plaintiff's HIPAA claim and his First Amendment claim for violation of privacy should be dismissed.  Plaintiff's claim for violation of privacy may proceed under the Fourteenth Amendment.  Plaintiff's retaliation claim also survives as Defendants have not moved to dismiss this claim.  Additionally, the motion to strike should be denied as to Plaintiff's claim for monetary damages for emotional injuries and should be granted as to Plaintiff's claim for declaratory relief.

**II.    REPORT**

    **A.    Introduction**

On February 6, 2006, Plaintiff, an inmate acting *pro se*, filed the instant action.  Named as Defendants are: Ronald Snyder, Warden; Nancy Bodine and Keoke Craft, Corrections Officers, all employees of Venango County Prison.  Plaintiff alleges that his rights under federal statute, as well as the U.S. Constitution, have been violated by Defendants.  Additionally, Plaintiff claims that after he filed a grievance, he was retaliated against.

More specifically, Plaintiff claims that Defendant Bodine informed Defendant Craft that

Plaintiff was under medical treatment for a specific medical condition. Document # 5, ¶¶ 7-12. Plaintiff claims that this disclosure of medical information violates his rights under the Health Insurance Portability and Accountability Act (hereafter, "HIPAA"). Plaintiff claims that he filed a grievance involving the disclosure of his sensitive medical information and that Defendant Warden Snyder disciplined him in retaliation for filing the grievance. As relief, Plaintiff seeks monetary damages, as well as declaratory relief.

Defendants have filed a partial motion to dismiss the amended complaint, but have not filed an answer to the remaining claims of the complaint. Plaintiff has not filed an opposition to the pending motion.

**B.     Standards of Review**

**1.     *Pro Se* Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906

F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

      **2.**     **Motion to dismiss**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989); <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976).  The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations."  <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73 (1984).  The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.  <u>Neitzke</u>; <u>Scheuer v. Rhodes</u>, 419 U.S. 232 (1974).  Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief.  Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

      **C.**     **HIPAA claim**

Plaintiff claims that the release of his sensitive medical information violated his rights under HIPAA.  However, it is not clear that Plaintiff has a remedy under HIPAA.

Like substantive federal law, "private rights of action ... must be created by Congress." <u>Alexander v. Sandoval</u>, 532 U.S. 275, 286 (2001).  <u>See</u> also <u>Gonzaga University v. Doe</u>, 536 U.S. 273 (2002).  The analysis to determine whether a private cause of action exists within a given statute was first set forth in <u>Cort v. Ash</u>, 422 U.S. 66 (1975).  There, the Supreme Court promulgated a four-prong test:

      1)     whether Plaintiff is a member of the class "for whose especial benefit the

       statute was enacted";

  2)    whether there is evidence of legislative intent to create or preclude the relief sought;

  3)    whether the relief sought is consistent with the legislative scheme; and

  4)    whether the relief sought is the type that is "traditionally relegated" to states, such that federal relief would interfere with the state scheme.

Id. at 78.

Although the Cort test is still good law, subsequent Supreme Court decisions have stressed the paramount importance of a threshold inquiry to determine whether it was the intent of Congress to create a private remedy. Touche Ross & Co. v. Redington, 442 U.S. 560 (1979); California v. Sierra Club, 451 U.S. 287 (1981); Thompson v. Thompson, 519 U.S. 1044 (1996). The latest of the Supreme Court cases on this issue indicates that if this threshold inquiry is answered in the negative, the analysis ends there. Alexander v. Sandoval, 532 U.S. 275, 288 ("We therefore begin (and find that we can end) our search for Congress' intent with the text and structure of Title VI.").

The Supreme Court has reiterated the analysis necessary to determine whether a private cause of action exists within a given statute:

> We must first determine whether Congress intended to create a federal right. Thus, we have held that "the question whether Congress intended to create a private right of action is definitively answered in the negative" where "a statute by its terms grants no private rights to any identifiable class." Touche Ross & Co. v. Redington, 442 U.S. 560, 576 (1979). For a statute to create such private rights, its text must be "phrased in terms of the persons benefitted." Cannon v. University of Chicago, 441 U.S. 677, 692 n.13 (1979) ... But even where a statute is phrased in such explicit rights-creating terms, a plaintiff suing under an implied right of action still must show that the statute manifests an intent "to create not just a private right but also a private remedy." Alexander v. Sandoval, 532 U.S. 275, 286 (2001).

Gonzaga University, 536 U.S. at 286-84.

Neither the U.S. Supreme Court nor the United States Court of Appeals for the Third Circuit has specifically addressed the issue of whether there is a private right of action under HIPAA. Other federal district courts have all found that HIPAA does not create such a private right. See Rigaud v. Garofalo, 2005 WL 1030196 (E.D. Pa.); Dominic J. v. Wyoming Valley West High School, 362 F.Supp.2d 560 (M.D. Pa. 2005); O'Donnell v. Blue Cross Blue Shied of

Wyoming, 173 F.Supp.2d 1176 (D.C. Wyo. 2001); Brock v. Provident Am. Ins. Co., 144 F.Supp.2d 652 (N.D. Tex. 2001); Means v. Indep. Life and Accident Insurance Co., 963 F.Supp. 1131 (M.D. Ala. 1997); Wright v. Combined Insurance Co. of America, 959 F.Supp. 356 (N.D. Miss. 1997). The reasoning of these courts is sound.

Insomuch as we adopt the reasoning that no right is implied, we also find that so too a remedy cannot be found within the statute, and both are required. Alexander, 532 U.S. at 286 ("The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy. ..."). Without Congressional intent, "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." Id.

Accordingly, the HIPAA claim should be dismissed.

### D. Right to Privacy Claim

Plaintiff alleges that his right to privacy in his medical information under the First Amendment has been violated. While the U.S. Constitution has been held to support a right to privacy, even for prisoners, such a right does not stem from the First Amendment. See Doe v. Delie, 257 F.3d 309, 317 (3d Cir. 2001) ("[W]e join the Second Circuit in recognizing that the constitutional right to privacy in one's medical information exists in prison."). Instead, the right to privacy in one's medical records flows from the protections of the Fourteenth Amendment. Id. at n.5.

Plaintiff's right to privacy claim should be dismissed only as to it being raised under the First Amendment. The right to privacy claim survives but under the Fourteenth Amendment.

### E. Plaintiff's Requests for Monetary Relief for Emotional Injuries

Defendants move to dismiss Plaintiff's claims for relief under § 1997e(e) because Plaintiff alleges that he suffered humiliation, damage to reputation and emotional damage

5

without any reference to physical injuries. However, § 1997e(e) does not bar all such claims absent physical injury as claims for declaratory relief as well as nominal and punitive damages for violations of constitutional rights are not barred by § 1997e(e). See Doe v. Delie, 257 F.3d at 314 n. 13 ("However, § 1997e(e) does not automatically bar claims seeking nominal damages to vindicate constitutional rights, nor claims seeking punitive damages."); Allah v. Al-Hafeez, 226 F.3d 247, 251-52 (3d Cir.2000) (holding that § 1997e(e) does not bar nominal and punitive damages for violations of constitutional rights even in the absence of physical injury).

Given that Plaintiff is a *pro se* litigant and given that this case is in its initial stages, Plaintiff's request for relief should not be stricken at this time.

### F.     Plaintiff's Request for Declaratory Relief

Plaintiff's request for declaratory judgment against the Defendants should be stricken as moot in light of the fact that Plaintiff is no longer in the custody of these Defendants. Doe v. Delie, 257 F.3d at 313 ("It is clear that any declaratory or injunctive relief with respect to the staff at SCIP would have no impact on [Plaintiff, due to his release from custody], and therefore his equitable claims are moot.").

### G.     Plaintiff's Retaliation Claim

At this initial stage of the proceedings, Defendants have not moved to dismiss Plaintiff's retaliation claim.

## III.    CONCLUSION

For the foregoing reasons, this Court respectfully recommends that that Defendants' motion to dismiss and strike the amended complaint [Document # 10] be granted in part and denied in part. Specifically, the motion to dismiss should be granted in that Plaintiff's HIPAA

claim and his First Amendment claim for violation of privacy should be dismissed. Plaintiff's claim for violation of privacy may proceed under the Fourteenth Amendment. Plaintiff's retaliation claim also survives as Defendants have not moved to dismiss this claim. Additionally, the motion to strike should be denied as to Plaintiff's claim for monetary damages for emotional injuries and should be granted as to Plaintiff's claim for declaratory relief.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: July 10, 2006